PER CURIAM.
This cause is before us on appeal from an order awarding compensation benefits. *1233 Appellants contend that errors were committed in awarding temporary total disability (TTD) and permanent total disability (PTD) benefits.
On May 12,1984, claimant was injured in a work-related accident when he developed heart problems while employed with the City of West Palm Beach Fire Department.[1] Claimant asserted a claim for wage-loss benefits for the period May 13, 1984 through July 14,1990, and PTD thereafter.
At final hearing, claimant’s counsel stipulated that no TTD benefits were due. The notice of hearing states that the specific issues in dispute were the award of PTD and wage-loss benefits. Because the parties did not place the issue of entitlement to TTD benefits before the JCC, the award of such benefits was error. Village Inn Restaurant v. Aridi, 543 So.2d 778 (Fla. 1st DCA 1989).
However, the JCC’s order states in pertinent part:
WHEREFORE, it is ORDERED AND ADJUDGED that the self-insured employer shall:
1. Pay temporary total disability benefits at the rate of $288.00 a week from April 27, 1985 through November 7, 1989, with interest and penalties.
2. The employer shall take credit against temporary partial wage loss benefits for earnings from Adcolor, [emphasis added]
Based on the setoff awarded in paragraph 2, it appears that the JCC intended to award temporary partial wage-loss benefits. Therefore, we reverse and remand for clarification of the order.
As to the award of PTD, it is supported by the testimony of Dr. Stern, claimant’s treating physician, that claimant was unable to perform any “particular sustained work.” However, the JCC, in specifically accepting Dr. Stern’s testimony over that of Drs. Price and Beaver, held:
I find Dr. Stern’s testimony to be ... the most persuasive having considered all three physicians as experts in this field. Clearly, Dr. Stern was in the best position to give testimony on the condition of the claimant, having been the claimant’s continuous treating cardiologist for the past six years.
The record reveals that the JCC was mistaken in his identification of Dr. Stern as a cardiologist. In fact, Dr. Stern is a doctor of osteopathic medicine with a specialty in general internal medicine. Therefore, we must remand the order for correction and clarification as to whether the JCC’s opinion was affected by this misiden-tification.
Accordingly, we reverse the award of TTD and PTD benefits, and remand for proceedings consistent herewith.
BOOTH, SHIVERS and MINER, JJ., concur.

. The employer accepted the accident as com-pensable.